# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JULIO CESAR NAVAS,           )
                             )  3:11-cv-00868-LRH-VPC
    Plaintiff,               )
                             )
    v.                       )  **REPORT AND RECOMMENDATION**
                             )  **OF U.S. MAGISTRATE JUDGE**
ANNA MARIE BYRON, *et al.,*  )
                             )
    Defendants.              )  June 19, 2012
_____)

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's civil rights complaint, which he filed on December 2, 2011 (#1-1).[1] Included with the complaint is plaintiff's application for leave to proceed *in forma pauperis* (#1). In his application and financial certificate, plaintiff indicates that his average total monthly deposit is $11.67 (#1). Based upon the foregoing, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted. Also included is plaintiff's motion for appointment of counsel (#1-2). The court now screens plaintiff's complaint pursuant to 28 U.S.C. § 1915.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Julio Cesar Navas ("plaintiff"), is a *pro se* litigant currently incarcerated at Lovelock Correctional Center, ("LCC") (#1). Plaintiff filed a civil rights complaint in which he named Anna Marie Byron, David Rankine, Judge Deborah Schumacher, Ronald Longtin Jr., Richard A. Gammick, Carol Stokes, Western Title and Escrow Co., Alicia Delgado, and Mario Palacios as defendants each in their individual capacities (#1-1).[2] Plaintiff alleges that a conspiracy existed

---

[1]     Refers to the court's docket numbers.

[2]     The court notes that plaintiff refers to Western Title and Escrow Co. as "Western Title and Scrow Co." and "Western Title Co.."

between the defendants to deprive him of his Fourth, Fifth, and Fourteenth Amendment rights. *Id.* at 3-4. Plaintiff further claims that defendants engaged in fraud when the divorce decree involving plaintiff and defendant Byron was issued, which "made a division of [plaintiff's] sole separate property as community property," and then committed a fraudulent conveyance when the sale of plaintiff's property was ordered. *Id.* at 25-26. Plaintiff also claims that defendants conspired to "get [plaintiff] in prison." *Id.* at 31. Additionally, plaintiff brings claims such us filing "untrue statements," detention, and abuse of duty. *Id.* Plaintiff seeks compensatory and punitive damages. *Id*. at 37. However, the court notes that some of plaintiff's claims are not violations of federal law or the Constitution. The court addresses the screening standard, jurisdiction over the matter, the common law immunity of some of the defendants, and private action of the other defendants in this complaint.

## II. DISCUSSION & ANALYSIS

**A.     Discussion**

**1.     Screening Standard**

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Federal Rule of Civil Procedure 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. Of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

1  In reviewing a complaint under this standard, the court must accept as true the allegations of the
2  complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe
3  the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor.
4  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

5        Allegations in *pro se* complaints are held to less stringent standards than formal pleadings
6  drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-
7  21 (1972) (per curiam); *see also Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.
8  1990). "To sustain an action under section 1983, a plaintiff must show (1) that the conduct
9  complained of was committed by a person acting under color of state law; and (2) that the conduct
10 deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrader*, 879 F.2d 583,
11 587 (9th Cir. 1989), *cert. denied*, 498 U.S. 938 (1990).

12 **B.  Analysis**

13       Plaintiff alleges the defendants conspired to violate his Fourth, Fifth, and Fourteenth
14 Amendment rights. Specifically, plaintiff claims the defendants engaged in fraud when the divorce
15 decree involving plaintiff and defendant Byron was issued, which "made a division of [plaintiff's]
16 sole separate property as community property," and then committed a fraudulent conveyance when
17 the sale of plaintiff's land was ordered. (#1-1, pp. 25-26). Plaintiff also claims that defendants
18 conspired to "get [plaintiff] in prison." *Id.* at 31.

19     **1.  Jurisdiction**

20       Federal courts have original jurisdiction over a case when it is "founded on a claim or right
21 arising under the Constitution, treaties or laws of the United States" or when the amount in
22 controversy exceeds the sum of $75,000 and the citizenship of each plaintiff is different from that
23 of each defendant. 28 U.S.C. §§ 1331, 1332(a). In the instant case, plaintiff appears to allege that
24 defendants Byron, Delgado, and Palacios are from El Salvador (#1-1, p. 46, 54). However, plaintiff
25 does not allege diversity of citizenship for all defendants, and his complaint lacks complete diversity
26 because some of the defendants are citizens of the same state as plaintiff (#1-1, p. 62). However,
27 this court has jurisdiction under 28 U.S.C. §§ 1331 because plaintiff alleges violations arising under
28 the Constitution and federal law.

**2.    Absolute Immunity**

Immunities that were well established when section 1983 was enacted were not abrogated by section 1983. *See Buckley v. Fitzsimmons*, 509 U.S. 25, 268 (1993). "Absolute immunity [has been granted] to the President, judges, prosecutors, witnesses, officials performing quasi-judicial functions, and legislators." *Fry v. Melarango*, 939 F.2d 832, 836 (9th Cir. 1991). A state official sued in his or her personal capacity may be entitled to assert common law or absolute immunities. The eligibility inquiry for absolute immunity turns on "the nature of the function performed, not the identity of the actor who performed it." *Buckley*, 509 U.S. at 269. Under this "functional approach," the court "examine[s] the nature of the functions with which a particular official or class of officials has been lawfully entrusted, and . . . seek[s] to evaluate the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions." *Id.*

**a.    Judicial Immunity**

"Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). "A judge loses absolute immunity only when [the judge] acts in clear absence of all jurisdiction or performs an act that is not judicial in nature." *Stump v. Sparkman*, 435 U.S. 349, 356-57 n.7 (1978).

Initially, plaintiff argues Judge Schumacher had no jurisdiction to entertain a divorce proceeding involving plaintiff because his marriage should have been declared void pursuant to Nevada Revised Statutes ("Nev. Rev. Stat.") §125.290(2). Therefore, he argues that judicial immunity is not an available defense for Judge Schumacher's actions (#1-1, p. 25).

Judge Schumacher, a state district court judge, had jurisdiction over the divorce proceeding between plaintiff and his wife. *See* Nev. Rev. Stat. § 125.020 (conferring jurisdiction upon district court to entertain divorce proceedings); Nev. Const. art. 636 (district courts of Nevada are courts of general jurisdiction); *see also New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298 (9th Cir. 1989). Judge Schumacher had subject matter jurisdiction over the proceedings from which the actions complained of arise. Therefore, Judge Schumacher's actions are shielded from liability by the doctrine of absolute judicial immunity. The claims against Judge Schumacher should be dismissed with prejudice.

4

1           **b.**     **Prosecutorial Immunity**

2       Plaintiff sues defendant Gammick, Washoe County District Attorney, for participating in the alleged conspiracy, and for engaging in embezzlement and federal wire and mail fraud in order to take plaintiff's Fed-Ex pension. Plaintiff alleges that defendant Gammick used court proceedings to seize his pension in order to pay plaintiff's child support obligations (#1-1, p. 36).

      The Supreme Court held that "a prosecutor enjoys absolute immunity from section 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). Moreover, a "§ 1983 claim against the District Attorney . . . requires proof that [he] acted outside of [his] prosecutorial function to the injury of the plaintiff." *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 777 (9th Cir. 2001). Defendant Gammick's action in civilly enforcing plaintiff's child support obligations was prosecutorial in nature. *See Buckley*, 509 U.S. at 113. To the extent that plaintiff's claim is against defendant Gammick for acts taken pursuant to his function as prosecuting attorney, he is immune from suit. The claim against defendant Gammick should be dismissed with prejudice.

          **c.**     **Quasi-Judicial Immunity**

      Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987).

      Plaintiff alleges that defendant Longtin, a court clerk, committed forgery when he "executed a clerk's deed, . . . [and] signed [his] name over [plaintiff's] name" (#1-1, p. 29). This claim is without merit because the county clerk has absolute quasi-judicial immunity from damages for his actions in executing the state court's order. This claim should be dismissed with prejudice.

          **3.**     **Private Action**

      Plaintiff fails to show that defendants Byron, Rankine, Stokes, Western Title and Escrow Co., and Delgado acted under color of state law. Section 1983 is not invoked by "purely private conduct." *District of Columbia v. Carter*, 409 U.S. 418, 424 (1973). Here, defendant Byron is plaintiff's ex-wife, defendant Rankine is a private attorney, and defendant Delgado is Byron's sister. Defendant Stokes is the purchaser of the property that plaintiff alleges was unlawfully sold.

1  Defendant Western Title and Escrow Co. participated in the sale of plaintiff's land. It is clear that
2  these defendants are private actors, and plaintiff does not allege the state involvement necessary to
3  transform the private acts of defendants into state action covered by section 1983.
4        The Ninth Circuit has held that "[a] person may become a state actor by conspiring with a
5  state official, or by engaging in joint activity with state officials." *See Price v. State of Hawaii*, 939
6  F.2d 702, 708-09 (9th Cir. 1991); *see also Sable Communications v. Pacific Tel. & Tel. Co.*, 890
7  F.2d 184, 189 (9th Cir. 1989). The joint action test requires a private party to be a "willful
8  participant" with state actors, and the private party's actions must be "inextricably intertwined" with
9  the state actors' actions in an activity that deprives an individual of his constitutional or federal
10 rights. *Brunette v. Humane Society of Ventura County*, 294 F.3d 1205, 1211 (9th Cir. 2002). To be
11 considered an act of joint activity with the state, the private actor needs to have some control over
12 the state actors' decision making. *Arnold v. International Business Machines Corp.*, 637 F.2d 1350,
13 1357 (9th Cir. 1981). Furthermore, private parties who conspire with a judge act under the color of
14 state law even if the judge is protected by judicial immunity. *Shelley v. Kraemer*, 334 U.S. 1, 14-20
15 (1948).
16       Plaintiff does not allege any of these forms of connection.[3] Therefore, plaintiff's claims
17 against defendants Byron, Rankine, Stokes, Western Title and Escrow Co., and Delgado should be
18 dismissed without prejudice.
19     **4.**    **Section 1983 Personal Participation Requirement**
20       Plaintiff alleges that defendant Palacios, a police officer of the Washoe County School
21 District, participated in the alleged conspiracy to deprive plaintiff of his constitutional rights (#1-1,
22 p. 49). Liability under section 1983 exists when plaintiff establishes either (1) a defendant's personal
23 involvement in the constitutional deprivation, or (2) a sufficient causal connection between the
24 defendant's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942

---

[3] Moreover, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Plaintiff's allegations of a conspiracy do not contain sufficient factual allegations to raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555.

1  F.2d 1435,1446-47 (9th Cir. 1991).  "The requisite casual connection can be established . . . by
2  setting in motion a series of acts by others which the actor knows or reasonably should know would
3  cause others to inflict the constitutional injury." *Id*.

4  Here, plaintiff has alleged no facts to establish that defendant Palacios personally participated
5  in any conspiracy (#1-1).  Nor has plaintiff established a causal connection between the actions of
6  this defendant and plaintiff's alleged unconstitutional judicial decisions.  *Id*.  Without facts to show
7  that a defendant personally participated in the alleged civil rights violations or conspiracy, there is
8  no liability under section 1983.  *Redman*, 942 F.2d at 1446-47.  Claims against defendant Palacios
9  should be dismissed without prejudice.

10 **C.    Motion for Appointment of Counsel**

11 Plaintiff has filed a motion seeking the appointment of counsel in this case (#1-2).  A litigant
12 in a civil right action does not have a Sixth Amendment right to appointed counsel.  *Storseth v.*
13 *Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981).  In very limited circumstances, federal courts are
14 empowered to request an attorney to represent an indigent civil litigant.  The instances in which a
15 court will make such a request, however, are exceedingly rare, and the court will make the request
16 under only extraordinary circumstances.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-
17 800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

18 A finding of such exceptional circumstances requires that the court evaluate both the
19 likelihood of success on the merits and the plaintiff's ability to articulate his claims in *pro se* in light
20 of the complexity of the legal issues involved.  Neither factor is dispositive, and both must be viewed
21 together in making a finding.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing
22 *Wilborn, supra*, 789 F.2d at 1331).  The court has considerable discretion in making these findings.
23 Plaintiff has demonstrated his ability to articulate his claims.  Therefore, the court recommends that
24 plaintiff's motion for the appointment of counsel be denied.

25 **III. CONCLUSION**

26 As set forth above, the facts as stated fail to state a claim under section 1983.  It is
27 recommended that plaintiff's application to proceed *in forma pauperis* (#1) be **GRANTED**.
28 Furthermore, the court recommends that plaintiff's claims against Judge Schumacher, Ronald

Longtin Jr., and Richard A. Gammick be **DISMISSED WITH PREJUDICE**. The court recommends that plaintiff's remaining claims be **DISMISSED** in accordance with the guidance provided in this Report and Recommendation. Finally, the court recommends that plaintiff's motion for the appointment of counsel (#1-2) be **DENIED**. Plaintiff is advised that a complaint pursuant to 42 U.S.C. § 1983 should set forth a concise statement of facts that demonstrate a violation of plaintiff's civil rights and should identify the specific individuals, acting under color of state law, responsible for the alleged violations. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Clerk file the complaint (#1-1).

**IT IS FURTHER RECOMMENDED** that plaintiff's application to proceed *in forma pauperis* (#1) be **GRANTED**. The full filing fee of $350.00 shall still be due pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Reform Litigation Act of 1996.

**IT IS FURTHER RECOMMENDED** that plaintiff's Fourth, Fifth and Fourteenth Amendment claims against the following defendants (#1-1) be **DISMISSED WITH PREJUDICE** for the reasoning articulated in this Report and Recommendation:

1) Defendant Schumacher;

2) Defendant Gammick; and

3) Defendant Longtin.

**IT IS FURTHER RECOMMENDED** that plaintiff's Fourth, Fifth and Fourteenth Amendment claims against the following defendants (#1-1) be **DISMISSED WITHOUT**

8

**PREJUDICE** and with leave to amend according to the guidance provided in this Report and Recommendation:

    1) Defendant Byron;

    2) Defendant Rankine;

    3) Defendant Stokes;

    4) Defendant Western Title and Escrow Co.;

    5) Defendant Delgado; and

    6) Defendant Palacios.

**IT IS FURTHER RECOMMENDED** that plaintiff's motion for the appointment of counsel (#1-2) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the Clerk shall send to plaintiff a blank form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983 with instructions and a copy of the original complaint. Plaintiff is advised that pursuant to Local Rule 15-1, the amended complaint shall be complete in itself without reference to the previous complaint. Plaintiff should be given thirty (30) days from the date of the order adopting the Report and Recommendation within which to file an amended complaint remedying, if possible, the defects in the complaint explained above. Plaintiff's failure to do so may result in the immediate dismissal of the entire action. Plaintiff shall write the words "first amended" above the title "Civil Rights Complaint" on the form and plaintiff shall place the case number, 3-11-cv-00868-LRH-VPC, above the words "first amended" in the space for "Case No."

**DATED:** June 19, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE**